UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINA R.,[1] | ) |
| | ) No. 20 CV 6901 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| KILOLO KIJAKAZI, Commissioner | ) |
| of Social Security, | ) |
| | ) February 27, 2023 |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Gina R. seeks disability insurance benefits ("DIB") and supplemental security insurance benefits. She asserts she is disabled by general anxiety disorder, ADHD, depressive disorder, insomnia, high stress, and physical impairments, although she focuses this appeal on her mental impairments. Before the court are the parties' cross motions for summary judgment. For the following reasons, Gina's motion is granted, and the government's is denied:

**Procedural History**

Gina filed her applications for disability benefits in August 2017 alleging a disability onset date of April 4, 2016. (Administrative Record ("A.R.") 15, 239-48.) Her date last insured for DIB purposes is September 30, 2016. (Id. at 255, 261.) At the administrative level, her applications were denied initially and upon reconsideration. (Id. at 15, 158-67, 172-79.) She then sought and was granted a

---

[1] Pursuant to Internal Operating Procedure 22, the court uses Plaintiff's first name and last initial in this opinion to protect her privacy to the extent possible.

1

hearing before an Administrative Law Judge ("ALJ"). (Id. at 15, 197-228.) Gina appeared with her attorney at the May 2019 hearing, at which Gina, a medical expert ("ME"), and a vocational expert ("VE") testified. (Id. at 15, 40-95.) The ALJ ruled in January 2020 that Gina was not disabled. (Id. at 15-32.) The Appeals Council denied Gina's request for review, (id. at 1-5), making the ALJ's decision the final decision of the Commissioner, *see Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). Thereafter, Gina filed this lawsuit seeking judicial review, and the parties consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); (R. 9).

## Analysis

Gina argues that the ALJ erred by: (1) rejecting the ME's opinions without a sound basis; (2) incorrectly assessing Gina's mental residual functional capacity ("RFC"); and (3) failing to support the step-five determination with substantial evidence. (R. 18, Pl.'s Mem. at 8.) The court finds error on the first ground and, therefore, does not reach the remaining issues because the reconsideration of the ME's opinions will require the ALJ to reassess Gina's RFC and possibly redo the step-five analysis.

As Gina correctly argues, the ALJ failed to support her evaluation of the ME's opinions with substantial evidence. An ME can "clarify and explain the evidence or help resolve a conflict because the medical evidence is contradictory, inconsistent, or confusing." *Apke v. Saul*, 817 Fed. Appx. 252, 256-57 (7th Cir. 2020) (quoting *Gebauer v. Saul*, 801 Fed. Appx. 404, 408 (7th Cir. 2020)). Furthermore, an ME "can help ALJs resist the temptation to 'play doctor' . . . by evaluating medical evidence on his

2

or her own," particularly "when evaluating the severity of a condition . . . marked by subjective and fluctuating symptoms." *Id.*

Despite retaining "psychological expert" Dr. Mark Oberlander to serve as an impartial ME here, (A.R. 40-41), the ALJ rejected his testimony because he "did not do a good job of supporting his opinions," (id. at 20). The court disagrees. The ME evaluated the medical record and based his opinions on that evidence. (Id. at 77-83.) He testified at the hearing that Gina suffers from a mood disorder—which Gina's treating psychiatrist classified as bipolar disorder—and opined that the disorder qualifies as depressive disorder, recurrent and severe. (Id. at 77-78.) Gina also suffers from severe impairments of generalized anxiety disorder, panic disorder without agoraphobia, neurodevelopmental disorder, ADHD, and borderline personality disorder, according to the ME. (Id. at 79-80.) He cited specific exhibits in the record supporting the listings-level severity of these impairments, including the treating psychiatrist's RFC indicating that Gina was "isolating" and "unable to sustain independent living." (Id.) Based on this evidence, the ME concluded that Gina suffers marked restrictions in her "capacity for attending, concentrating, [and] acting with persistence" and "adaptive behavior." (Id. at 80.)

Instead of adopting the ME's well-supported opinions, the ALJ said she could not "reasonably agree" with them, (id. at 20), and crafted her own mental RFC. In doing so, she erroneously played doctor, cherry picking evidence from moments when Gina's symptoms fluctuated to support her assessment. (See id. at 80 (ME's testimony noting "some fluctuation in symptom severity").) As such, the ALJ's

3

evaluation of the ME's opinions lacks the weight of substantial evidence and remand is warranted.

## Conclusion

For the foregoing reasons, Gina's motion for summary judgment is granted, the government's is denied, and this matter is remanded.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**

4